IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Steven Beeman, ) | C/A No.: 5:24-1622-TMC-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Janson, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Michael Steven Beeman ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner at the Federal Correctional Institution in Edgefield, South Carolina, a facility of the federal Bureau of Prisons ("BOP"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss, or in the alternative, motion for summary judgment. ECF No. 20.[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 21. On July 16, 2024, the court granted Petitioner an extension to respond to Respondent's Motion, and Petitioner filed a timely Response in Opposition to Respondent's Motion to Dismiss and/or Motion for Summary Judgment on August 30, 2024. ECF Nos. 24, 27. Respondent filed a Reply to Petitioner's Response on September 5, 2025. ECF No. 28.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the court grant Respondent's motion for summary judgment.

---

[1] Because the court has considered matters outside of the pleadings, the undersigned considers the motion as one for summary judgment. The *Roseboro* order issued to Petitioner contained an explanation of the summary judgment procedures.

I.      Factual and Procedural Background

On March 23, 2022, Officer I. Cole McLean completed an incident report charging Petitioner with possession of a hazardous tool (cell phone) in violation of Prohibited Act Code 108. ECF No. 20-1 at 4. Officer McLean stated

> At approximately 1115, I conducted a cell search of cell 117, where inmate Micheal Beeman is assigned. While searching the CPAP machine assigned to Inmate Beeman, I found a blue AT&T cellphone and white charging cord with aux cord attached to it inside of the CPAP machine. I notified the Lieutenant's office immediately. The items were sent to the Lieutenant's office.

*Id.* The March 2022 incident was forwarded to Unit Discipline Committee ("UDC") for further review. *Id.* at 5. During the UDC investigation, Petitioner declined to comment stating he already spoke to Special Investigative Services ("SIS"). *Id*. The UDC referred the charge to the disciplinary hearing officer ("DHO") for further action. *Id.* Petitioner was given written notices of the disciplinary hearing and the inmate rights at a disciplinary hearing on March 25, 2022. *Id.* at 8, 10. Petitioner indicated he did want a staff representative to assist him during the hearing, but he did not wish to call any witnesses. *Id*. at 8.

The DHO hearing was held on March 29, 2022. *Id.* at 14–16. Petitioner was present and advised of his rights, which he indicated he understood. *Id.* at 14. Petitioner's staff representative also appeared before the DHO and assisted Petitioner with understanding the incident report; Petitioner did not request any witnesses. *Id*. Petitioner requested that cameras be reviewed, and his staff representative stated there was no CCTV footage because the cameras were inoperative. *Id.* The staff representative also stated there would not be any camera footage inside the cell. *Id.* Petitioner testified and stated the report was not true, and the phone was not his. *Id.* There were no other witnesses who testified. *Id.*

The DHO considered the officer's written account and photos, Petitioner's statements, Petitioner's failure to provide any evidence to refute the charges, and the absence of CCTV footage to be reviewed due to the malfunctioning of the equipment. *Id.* at 15–16. The DHO determined based on the greater weight of the evidence in the officer's written account of the incident and the supporting documents that Petitioner committed the prohibited act. *Id.* at 16.

The DHO sanctioned Petitioner, in part, to 41 days disallowance of good conduct time. *Id.* A copy of the DHO's decision was delivered to Petitioner, along with a notice of his appeal rights, on April 4, 2022. *Id.* at 17. Petitioner exhausted his administrative remedies related to his disciplinary action. *Id.* at 2. Petitioner asks that his charges be reversed and expunged and his good time be restored. ECF No. 1 at 7.

II.    Discussion

   A.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. The moving party has the burden of proving that

summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56.

B.　　Analysis

Petitioner asserts the following grounds in his habeas petition:

GROUND ONE: Denial of due process – Review of camera footage that would show another inmate entering my cell numerous times on the day of the incident.

Supporting facts: Prior to my DHO hearing I asked the SIS investigator to retain certain camera footage because it would confirm another inmate entering my cell. I was told that video footage not available because the cameras were not working that day. I was also told that inmates had been locked down numerous times over preceding weeks because they weren't working.

GROUND TWO: Denial of due process – DHO report did not reflect that a confidential informant, Luis Nevarez, was used and provided information about the cell phone being in my cell

Supporting facts: After returning to my unit after serving disciplinary separation, I learned that Inmate Nevarez had been in my cell and was being paid to hold two cell phones for another inmate. One of those phones was placed in my cell the other one was used to pay off drug debts. The fact that Nevarez had been at SIS to report the phone in my cell was confirmed by CO McLean.

GROUND THREE:　Denial of due process – incomplete investigation by SIS. Nevarez's cellmate, Billy Douglas, was never interviewed about the incident and later told numerous staff members about the facts that had not been offered/investigated.

Supporting facts: Inmate Douglas related the facts of Nevarez's possession of the two cell phones and drug debt to the following staff members: Lt. Waller, CO Altman, Unit Manager Randolph, Lt. Ong (the SIS investigator on this incident) and unit officer, CO McLean. The only staff member that attempted to address the facts was CO McLean who talked to SIS.

GROUND FOUR: Denial of due process – not allowed to know of all evidence available in this incident and not able to face my accuser, nor learn what forensic evaluation of the cellphone indicated. I was told by the owner of the cellphone that it would be him.

4

> Supporting facts: The cell phone was in the name of Sonny Vasquez. Nevarez appears to have been protected by SIS. Cameras would show him entering my cell and would give pause to his providing "confidential information." The phone was sent to Washington for forensic evaluation. DHO indicated that even if the cameras had been working they would not have shown where the cell phone was hidden, how would they know that?

ECF No. 1 at 6–7.

Certain procedural safeguards apply when loss of statutory good time credit is at issue. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In *Wolff*, the Supreme Court set out the requirements for due process in prison disciplinary hearings:

1. Giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

2. Providing the prisoner a written statement by the fact finder(s) as to the evidence relied on and reasons for the disciplinary action;

3. Allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. Permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. Providing impartial fact finders.

*Id.* at 563–72. Additionally, the DHO findings revoking a prisoner's good time credit must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–56 (1985).

Petitioner does not dispute that he was provided with the majority of the procedural safeguards outlined in *Wolff*. A review of the record reveals that Petitioner was (a) given written notice of the charges at least 24 hours before the DHO hearing, (b) provided a copy of the DHO report that outlined the evidence relied on by the DHO officer in finding Petitioner guilty of the

possession of a hazardous tool (cell phone) charge, (c) was allowed to call witnesses and present documentary evidence, which Petitioner chose not to do, and (d) was advised of his right to be assisted by a staff representative, which Petitioner utilized. Instead, Petitioner's due process arguments focus on how his charge was investigated, the BOP's failure to provide him with all the evidence used to bring his charge, his inability to view the video footage of his cell, and the sufficiency of the evidence. ECF No. 1.

In moving for summary judgment, Respondent contends Petitioner received all the due process safeguards afforded to him by *Wolff*. ECF No. 20 at 8–10. Respondent also argues the evidence was sufficient to support the finding that Petitioner was responsible for the contraband cell phone found within his CPAP machine. *Id.* at 10–12. Respondent contends the DHO report cannot be challenged for due process violations related to the failure to review video footage because, as explained to Petitioner during his due process hearing, the camera was not operational and therefore there was not any video footage to be reviewed. *Id*. at 12–13. As to Petitioner's claims his due process rights were violated because he was not informed about a confidential informant, Respondent states there is no documentation that a confidential informant was used, or that the DHO relied on any information from a confidential informant in explaining his decision. *Id.* at 13. Respondent also argues Petitioner could have called inmate witnesses at his hearing, but elected not to do so. *Id.* Respondent also contends Petitioner's complaints about an incomplete investigation fail to establish a due process violation as the DHO's finding was supported by some evidence. *Id.* Respondent also argues there is no indication that Petitioner, at the time of the DHO hearing, raised arguments about the failure to interview the cellmate of the inmate who purportedly owned the phone, or the failure to perform a forensic evaluation of the cell phone and provide these results to Petitioner. *Id.*

In his Response in Opposition to the summary judgment motion, Petitioner disputes he received all the due process owed to him and alleges that the investigation process was sloppy and incomplete. ECF No. 27 at 1. Petitioner argues the DHO decision should be overturned. *Id*. Petitioner acknowledges he was informed that the camera was not working and that even if operational, would not have shown the CPAP machine. *Id.* Petitioner claims he did not need footage of the machine, but footage of who entered his cell. *Id*. Petitioner argues the footage would have shown CO McLean taking a call at the center of the pod, locking Petitioner's cell, and searching Nevarez and Douglas' cell. *Id*. Petitioner also contends the footage would have shown which inmate went up to Petitioner and told him Nevarez was in his cell that morning while Petitioner was at work. *Id*. at 2. Petitioner claims McLean's actions suggests there was a confidential informant that told SIS where the cell phone was hidden in Petitioner's cell. *Id.* Petitioner claims after he returned to the unit 36 days later, he learned previously unknown facts. *Id.* Petitioner argues this information would have been known before his hearing if his staff representative had done her job. *Id.* Petitioner contends his staff representative never met with him and told him the camera was not operational, because if she did, he would have asked her to speak to CO McLean and Douglas. *Id.* at 3. Petitioner says the only time he spoke with his staff representative was at his hearing when she told Petitioner he was guilty. *Id*. Petitioner argues his staff representative failed to speak to witnesses which played a major role in Petitioner being found guilty. *Id.* at 3–4. Petitioner claims if McLean had not stopped him after he returned to the unit, he would never have learned what happened. *Id*. at 4.

Petitioner also submits an affidavit from Billie Douglas who states that his cell mate, Nevares, had two cellphones in his possession that he was being paid to hold for another inmate. ECF No. 27-1. Douglas claims a week or two before the cell phone was found in Petitioner's cell,

7

there was a "shakedown" of the unit, but they did not find the cell phones Nevares had hidden in his mattress. *Id.* Douglas claims on the morning in question he learned that Nevares had been to SIS before a phone call was made to CO McLean, who then secured Petitioner's cell, searched Douglas and Nevares' cell, and then went in Petitioner's cell for one or two minutes before exiting. *Id.* Douglas claims that after Petitioner was in SHU, Nevares told everyone Petitioner had been caught with two cell phones. *Id.* Douglas states that the cell phones were the two his cell mate had been holding for another inmate. *Id.*

In Reply, Respondent argues Petitioner's claim that "his staff representative did not meet with him or interview witnesses prior to the Disciplinary Hearing Officer ("DHO") hearing," was not raised in his petition and therefore should not be considered by the court. ECF No. 28 at 1. Respondent also contends the affidavit from Douglas should not be considered by the court because Petitioner did not present this information at the DHO hearing, and he waived his right to call witnesses. *Id*. at 4.

As an initial matter, Petitioner's claim that his due process rights were violated when his staff representative failed to investigate his case or interview witnesses is not properly before the court as this argument was not raised in his habeas petition. *See, e.g.*, *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

Petitioner has failed to show his due process rights were violated because he was unable to view video footage from the day the cell phone was found in his cell because the camera was not operational. Courts have recognized that there is no due process violation where videos of an incident are not provided because they do not exist. *See, e.g., Lennear v. Wilson*, 937 F.3d 257, 279 (4th Cir. 2019) (explaining "if the district court determines that . . . the [video] evidence did

not exist, then no violation of Petitioner's procedural due process rights occurred."; *Anderson v. FCC Coleman-USP II Warden*, 649 F. App'x 730, 731 (11th Cir. 2016) (finding there was no due process violation since the record indicated that video of the incident did not exist).

As to Petitioner's claim that the BOP inadequately investigated his disciplinary charge, an inmate does not have a constitutional right to have his prison disciplinary proceedings properly investigated in a certain manner. *Sanchez v. Grounds*, 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); *Jackson v. Mizell*, 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation"). Concerning Petitioner's claims about a confidential informant, there is no reference to a confidential informant in any of Petitioner's disciplinary charges or hearing documents, and Respondent denies that a confidential informant was used in this case. Petitioner's conclusory statements concerning Nevares purportedly visiting the SIS before the cell phone was found fail to establish that a confidential informant was involved in his case, and therefore, Petitioner has not shown a due process violation.

Finally, Petitioner's challenge to the evidence supporting the DHO's findings also fails to establish a due process violation. Due process in prison discipline decisions is satisfied if there is "some" evidence to show that the inmate committed the offense. *Hill*, 472 U.S. at 454–55. The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the board's decision. *Id.* at 455–56. This standard does not require an examination of the entire record, or a reweighing of the credibility of witnesses and other evidence. *Id.*; *see also Baker v. Lyles*, 904 F.2d 925, 932 (4th

9

Cir.1990). The DHO report states the hearing officer's finding of guilt was based on: (a) officer's written account and photos, (b) Petitioner's statements that the phone was not his, (c) Petitioner's failure to provide any evidence to refute the charges, and (d) the absence of CCTV footage to be reviewed due to the malfunctioning of the equipment. Accordingly, the undersigned finds there is evidence in the record to support the DHO's finding that Petitioner was guilty of possession of a hazardous tool.

III.   Conclusion

For the foregoing reasons, the undersigned recommends Respondent's Motion for Summary Judgment, ECF No. 20, be granted, the petition for writ of habeas corpus be denied, and the petition dismissed with prejudice.

IT IS SO RECOMMENDED.

October 30, 2024                                             Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).